# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

Jacob A. Perrone,

    Plaintiff,

v.

Blue Cross Blue Shield of Michigan

    Defendant

Case No:1:24-cv-1313

Hon:Hala Y. Jarbou

---

| Jacob A. Perrone (P71915) | Ka'Nea K. Caldwell (P82092) |
|---|---|
| Attorneys for the Plaintiff | Office of General Counsel, BCBSM |
| 3310 Kresge Lane | 600 E. Lafayette, MC 1922 |
| East Lansing, MI 48823 | Detroit, MI 48226 |
| (517) 719-4657 | (313) 225-0077 |
| jacob.perrone@yahoo.com | Kcaldwell1@bcbsm.com |
| *Attorney for Plaintiff* | *Attorney for Defendant BCBSM* |

---

## BLUE CROSS BLUE SHIELD OF MICHIGAN MOTION TO DISMISS IN LIEU OF AN ANSWER

NOW COMES Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), by and through its Office of General Counsel moves this Court to dismiss Plaintiff's Count II and III of its Verified MHPAEA Complaint Against BCBSM. The grounds supporting this Motion are set for in the accompanying Brief.

In accordance with E. D. Mich. L.R. 7.1(a), on March 18, 2025, BCBSM initiated a telephonic conference with Plaintiff to discuss the Complaint, clarify the

allegations and seek relief. Additionally, BCBSM then requested concurrence from Plaintiff for the relief sought in this Motion.

    WHEREFORE, Defendant BCBSM requests that the Court dismiss the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Dated: April 4, 2025                        Respectfully Submitted,

                                             */s/ Ka'Nea K. Caldwell*
                                             Ka'Nea K. Caldwell (P82092)
                                             Attorney for Defendant
                                             600 E. Lafayette, MC 1922
                                             Detroit, MI 48226
                                             (313)225-0077
                                             Kcaldwell1@bcbsm.com

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

Jacob A. Perrone,

    Plaintiff,

v.

Blue Cross Blue Shield of Michigan

    Defendant

Case No:1:24-cv-1313
Hon:Hala Y. Jarbou

---

Jacob A. Perrone (P71915)
Attorneys for the Plaintiff
3310 Kresge Lane
East Lansing, MI 48823
(517) 719-4657
jacob.perrone@yahoo.com
*Attorney for Plaintiff*

Ka'Nea K. Caldwell (P82092)
Office of General Counsel, BCBSM
600 E. Lafayette, MC 1922
Detroit, MI 48226
(313) 225-0077
Kcaldwell1@bcbsm.com
*Attorney for Defendant BCBSM*

**BLUE CROSS BLUE SHIELD OF MICHIGAN BRIEF IN SUPPORT OF MOTION TO DISMISS IN LIEU OF AN ANSWER**

# TABLE OF CONTENTS

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………….10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………….10

*Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012)……………………10

*Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007)………………………………10

*Warren Pearl Contr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 n.2 (S.D.N.Y. 2009)……………………………………………………….11

*Marlena Mills v. Bluecross Blueshield of Tenn., Inc.,* 2017 U.S. Dist. LEXIS 2730 \*; 2017 WL 78488 (E.D. TN. January 9, 2017)…………………………………..11

*Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1275 (6th Cir. 1991)……………………………………………………………………….…12, 13 14

*Metropolitan Life Ins. Co. v. Mass.,* 471 U.S. 724, 730, 732–33 (1985)……….12

*Aetna Health, Inc. v. Davilla,* 542 U.S. 200, 209 (2004) ……………..………..13

*Lerner v. Elec. Data Sys. Corp.,* No. 07-1730, 2009 WL 579345, at \*5 (6th Cir. Mar. 9, 2009) ……………………………………………………………………13

*Gresham v. Lumbermen's Mut. Cas. Co.,* 404 F.3d 253, 258 (4th Cir. 2005) …..13

*PONI,* 399 F.3d at 698 ……………………………………………………...13

**Statutes and Rules**

29 U.S.C. § 1144(a)

42 U.S.C. § 300gg-1 to -28

Fed. R. Civ. P. 12(b)(6)

## STATEMENT OF ISSUES PRESENTED

1. Should Plaintiff's MHPAEA claim (COUNT II) be dismissed because the MHPAEA does not create a private cause of action?

    BCBSM answers: Yes.

    Plaintiff answers: No.

2. Should Plaintiff's Breach of Contract claim (Count III) be dismissed because it is preempted by ERISA?

    BCBSM answers: Yes.

    Plaintiff answers: No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1275 (6th Cir. 1991)

*Aetna Health, Inc. v. Davilla,* 542 U.S. 200, 209 (2004*)*

*Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012)

## I. INTRODUCTION

Plaintiff, Jacob Perrone alleges that in March 2021, Defendant Blue Cross Blue Shield of Michigan ("BCBSM") unlawfully denied coverage for his inpatient residential treatment at Deerfield Florida House, Inc., an out-of-network facility. On December 14, 2024, Plaintiff filed its Verified MHPAEA Complaint against Defendant Blue Cross Blue Shield of Michigan (the "Complaint") for recovery of benefits under ERISA, violation of the Mental Health Parity and Addiction Equity Act("MHPAEA"), and breach of contract. However, Count II and III of Plaintiff's Complaint must fail as a matter of law because: (1) the MHPAEA does not create a private cause of action for individuals (Count II) and (2) Plaintiff's breach of contract claim (Count III) is preempted by ERISA.

## II. STATEMENT OF ALLEGED FACTS

Plaintiff Jacob Perrone is a member of the Edward W. Sparrow Hospital Health Plan (the "Plan"). The Plan is a self-funded plan administered by BCBSM. The Plan states the following regarding psychiatric residential treatment:

> The following services are payable when provided by a facility that participates with BCBSM (if located in Michigan) or with its local Blue Cross/Blue Shield plan (if located outside of Michigan):
> – Psychiatric residential treatment only after it has been preapproved by BCBSM or its representative
> – Services provided by facility staff
> – Individual psychotherapeutic treatment
> – Family counseling
> – Group psychotherapeutic treatment
> – Prescribed drugs given by the facility
>
> We do not pay for:

- Services provided by a facility located in Michigan that does not participate with BCBSM or by a facility located outside of Michigan that does not participate with its local Blue Cross/Blue Shield plan or an admission to a psychiatric residential treatment facility or services by the facility. Such services may be payable in limited circumstances, but they must be preapproved before they occur. BCBSM or its representative must issue the preapproval.

If preapproval is not obtained:
- A participating BCBSM facility that provided the care cannot bill the member for the cost of the admission or services.
- A nonparticipating facility that provided the care may require the member to pay for the admission and services.

See Ex. 1 at 23- Plan Documents

Upon information and belief, Plaintiff was admitted to Deerfield Florida House, Inc. ("Deerfield") in Deerfield, Florida for psychiatric residential treatment on March 27, 2021 through April 23, 2021. *See* ECF NO. 1, PageID 4. On March 25, 2021, prior to Plaintiff's admittance into the facility, Deerfield contacted BCBSM and inquired into Plaintiff's coverage for treatment. BCBSM informed the provider that Plaintiff's services were not a covered benefit under the Plan. See ECF No. 1-1- Appeal Documents. On the same date, Plaintiff's wife called BCBSM and again inquired into whether Plaintiff's admission to Deerfield would be covered because Plaintiff had been told there was no coverage. *Id*. Additionally, Plaintiff's wife inquired as to whether there was any opportunity for reimbursement. *Id*. BCBSM representative informed Plaintiff of the general out of network coverage information and procedures. Because the Plan does not provide coverage for psychiatric residential treatment at facilities that are out of network, BCBSM

denied Plaintiff's initial claim and claim for reimbursement. On December 14, 2024, Plaintiff filed the Complaint against BCBSM. *See* ECF No. 1.

### III.     LEGAL STANDARD

Rule 12(b)(6) permits movants to seek dismissal due to a plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motion to Dismiss under Rule 12(b)(6) is analyzed under the standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012). Specifically, to state a valid claim for relief, a complaint "must contain sufficient factual matter to 'state a claim that is plausible on its face.'" *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) *(quoting* Bell Atl. Corp. v. Twombly, 550 U.S 544, 570 (2007)) the Plaintiff's complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Reilly*, 680 F.3d at 622 (quoting *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007). It must have "facial plausibility"—i.e., "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 623 (*quoting Iqbal*, 556 U.S. at 663). If this is not done, then claim will be dismissed. *Twombly*, 550 U.S. at 570. A complaint that merely alleges a "possible" or "conceivable" claim for relief is insufficient. I*qbal*, 556 U.S. at 679-80 (*quoting Twombly*, 550 U.S. at 570).

### IV.    ARGUMENT

#### a. The Mental Health Parity and Addiction Equity Act Does Not Provide a Private Cause of Action.

Plaintiff's claim under the MHPAEA must be dismissed because the Act does not create a private right of action for individuals. The MHPAEA requires that insurance plans provide mental health and substance use disorder coverage on par with medical and surgical benefits. However, courts have consistently held that the MHPAEA does not provide an express or implied private cause of action. *See Warren Pearl Contr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 n.2 (S.D.N.Y. 2009); See also *Marlena Mills v. Bluecross Blueshield of Tenn., Inc.,* 2017 U.S. Dist. LEXIS 2730 \*; 2017 WL 78488 (E.D. TN. January 9, 2017) (holding that an individual member cannot sue to enforce MHPAEA and that there is no private right of action to enforce MHPAEA). Moreover, the legislative history and structure of the MHPAEA support this conclusion. *42 U.S.C. § 300gg-1 to -28*. Because the MHPAEA does not create a private cause of action, Plaintiff's claim for violation of the MHPAEA fails as a matter of law.

#### b. **This Court Should dismiss Plaintiff's Breach of Contract Claim**

##### i. **Plaintiff's Breach of Contract Claim is Preempted by ERISA**

Plaintiff's claim for breach of contract seeks payment for treatments and services which Plaintiff allege were covered benefits under the Plan.[1] The Plan is a BCBSM administered employer-sponsored group health plan that is regulated by ERISA. ERISA Section 514(a) provides that ERISA supersedes or preempts all state laws insofar as they "relate to any employee benefit plan." 29 U.S.C. § 1144(a). "The phrase 'relate to' is given broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" *Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1275 (6th Cir. 1991)(citing *Metropolitan Life Ins. Co. v. Mass.,* 471 U.S. 724, 730, 732–33 (1985)). The Sixth Circuit and United States Supreme Court have thus both repeatedly held that "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein. 29 U.S.C. § 1144(a)." Additionally, the Sixth Circuit holds that state laws and their corollary causes of action relate to ERISA plans if they:

> (1) mandate employee benefit structures or their administration; (2) *provide alternative enforcement mechanisms*; or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.

---

[1] Count III of the Complaint references an October 2021 partial hospitalization program at Sparrow Hospital. Plaintiff alleges that BCBSM wrongfully failed to pay for this specific program. However, the relief sought references Plaintiff's stay at Deerfield. BCBSM is not sure if this an intentional reference to two different events or if Plaintiff is seeking recovery for the stay at Sparrow Hospital.

*PONI,* 399 F.3d at 698 (internal punctuation omitted) (emphasis added).

Considering these principles, courts hold that a "state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health, Inc. v. Davilla,* 542 U.S. 200, 209 (2004*).* Accordingly, ERISA preempts state law claims that "implicate the relations among the traditional ERISA plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the plan beneficiaries." *Lerner v. Elec. Data Sys. Corp.,* No. 07-1730, 2009 WL 579345, at *5 (6th Cir. Mar. 9, 2009). Ultimately, ERISA preempts claims when plaintiffs seek to enforce ERISA through "alternate enforcement mechanisms." *PONI,* 399 F.3d at 698*; see also Gresham v. Lumbermen's Mut. Cas. Co.,* 404 F.3d 253, 258 (4th Cir. 2005) (noting that "when a state law claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA, there will be preemption").

In *Cromwell,* 944 F.2d at 1275, employees who were participants of an employee benefit plan brought an action against the administrator of the plan alleging, "promissory estoppel" among other claims. The Sixth Circuit was unequivocal in holding that ERISA preempted such claims, observing that the appellants' claims "are *at the very heart of issues within the scope of ERISA's*

14

*exclusive regulation,* and if allowed, would affect the relationship between plan principals . . ..” *Id.* at 1276 (emphasis added).

Here, Plaintiff's claim, despite being recast under state law, seek "the recovery of benefits from the [employee] plan for health care services" and therefore "are at the very heart of issues within the scope of ERISA's exclusive regulation." *Cromwell*, 944 F. 2d at 1276. Plaintiff's claim for breach of contract is preempted by ERISA and should be dismissed.

### ii. **The Plan Clearly Limits Coverage for Inpatient Treatment to In-Network Providers**

Finally, Plaintiff's breach of contract claim should be dismissed because of the clear and unambiguous language of the Plan. The Plan limits coverage for inpatient mental health treatment to in-network facilities unless there is a preapproval in place. Plaintiff contends that the Defendant should be obligated to cover his treatment at an out-of-network facility, despite the terms of the policy. The Plaintiff's disagreement with the policy terms does not constitute a breach of contract. BCBSM has processed all of Plaintiff's claims in accordance with the Plan benefits. As such, the breach of contract claim fails to state a plausible claim for relief.

## V. CONCLUSION

For the foregoing reasons, BCBSM respectfully requests that this Court dismiss Count I and II of Plaintiff's Complaint.

Date: April 4, 2024

Respectfully Submitted,

*/s/ Ka'Nea K. Caldwell*
Ka'Nea K. Caldwell (P82092)
Attorney for Defendant
600 E. Lafayette, MC 1922
Detroit, MI 48226
(313) 225-0077
Kcaldwell1@bcbsm.com

**PROOF OF SERVICE**

I hereby certify that on April 4, 2025, I directed to be filed the foregoing paper with the Clerk of the Court using the ECF system. Copies of the same will be electronically sent to all attorneys of record at the e-mail address provided to the court. I declare that the above statements are true to the best of my information, knowledge, and belief.

/s/ Kelsey Pizana
Kelsey Pizana