UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB A. PERRONE,

    Plaintiff,

v.

                                    Case No. 1:24-cv-1313

BLUE CROSS BLUE SHIELD OF
MICHIGAN,
                                    Hon. Hala Y. Jarbou

    Defendant.
_____/

**OPINION**

Before the Court is a motion by Blue Cross Blue Shield of Michigan (BCBSM) to dismiss Jacob Perrone's claims that BCBSM, in refusing to cover the costs of Perrone's partial hospitalization at an out-of-network residential facility in March–April 2021, breached its obligations under provisions of the Mental Health Parity and Addiction Equity Act (MHPAEA), 29 U.S.C. § 1185a(a)(3)(A), and Perrone's insurance policy. (Mot. to Dismiss, ECF No. 8.) For the reasons stated below, the Court denies the motion as to the MHPAEA claim and grants it as to the breach-of-contract claim.

        **I.    BACKGROUND**

Jacob Perrone has struggled with mental illness since at least November 2017, when he was diagnosed with bipolar disorder and ADHD. (Compl. ¶ 10, ECF No. 1.) In September and November 2020, Perrone was involuntarily committed because of symptoms associated with those conditions. According to Perrone, after his second involuntary hospitalization, his doctors recommended that he spend at least thirty days in an in-patient treatment facility to help stabilize

him after emerging from a manic state that had lasted nearly eight months. (*Id.* ¶¶ 13–14.) Perrone then checked into FHE Health, a facility in Deerfield Beach, Florida, on March 27, 2021.

The crux of this litigation concerns whether BCBSM told Perrone it would shoulder the expense of his month-long stay at the FHE facility. Perrone claims his spouse, whose health-insurance policy covered Perrone, called BCBSM before the latter traveled to Florida and was told on the phone that the insurer would pay the claim after Perrone submitted a reimbursement request. (*Id.* ¶ 5.) But in January 2022, BCBSM denied the claim on the grounds that FHE Health was out of its group-health plan. (*Id.* ¶ 17.) Perrone sought external review of the denial in April 2022 (*id.* ¶ 21), but the review organization upheld the denial (*id.* ¶ 26). Perrone filed this suit in December 2024 seeking recovery of benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B), equitable relief under the mental-health-parity requirement added to ERISA by the MHPAEA, 29 U.S.C.§ 1185a(a)(3)(A), and damages for BCBSM's alleged breach of its insurance contract with him.

## II.   STANDARD

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when the plaintiff fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id*. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### III.    ANALYSIS

**A.    ERISA Grants Remedial Rights to Plan Beneficiaries**

BCBSM argues that no private right of action is available under the MHPAEA.  (Mot. 12.)  A case BCBSM itself cites explains why that argument is unsuccessful.  In *Mills v. Bluecross Blueshield of Tennessee*, the plaintiff sought to enforce MHPAEA independently of ERISA, the statute to which the MHPAEA added a requirement that mental-health coverage be on a par with coverage for other treatments, *see* Pub. L. No. 110-343, div. C, sec. 512, § 712, 122 Stat. 3765, 3881 (2008), or to invoke the analogous parity provision in the Affordable Care Act (ACA).  No. 3:15-cv-552, 2017 WL 78488, at *6 (E.D. Tenn. Jan. 9, 2017).  The court dismissed the first claim on the grounds that the MHPAEA itself does not contain a private right of action; the second, because no ACA provision is subject to individual enforcement.

Here, by contrast, Plaintiff explicitly invoked the MHPAEA's ERISA provision (Compl. ¶ 36) and the private right of action available to those denied plan benefits (*id.* ¶ 43).  ERISA's version of the parity requirement can be enforced using that private right.  That is plainly recognized by *Mills* and numerous other cases.  *See, e.g.*, *T.E. v. Anthem Blue Cross & Blue Shield*, No. 3:22-cv-202, 2025 WL 952486, at *7 (W.D. Ky. Mar. 29, 2025); *A.G. ex rel. N.G. v. Cmty. Ins. Co.*, 363 F. Supp. 3d 834, 840 (S.D. Ohio 2019); *AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 773 (M.D. Tenn. 2019); *cf. E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1281 (10th Cir. 2023) (entertaining MHPAEA-based claim without deciding if the statute grants a right of action independent of that available through ERISA).

BCBSM's motion appears to assume that the limitations on enforcing the MHPAEA as to ACA plans extend to ERISA, but the insurer provides no reason to think that ERISA's private right of action does not extend to the parity requirement, which is arguably a "right[] under the terms of" Perrone's health-insurance plan and whose contravention would certainly be an "act or practice which violates any provision of" ERISA. 29 U.S.C. § 1132(a)(1), (3). BCBSM's citation to *Warren Pearl Construction Corp. v. Guardian Life Insurance Co. of America*, 639 F. Supp. 2d 371, 377 n.2 (S.D.N.Y. 2009), is even less convincing, as the part of that case referenced in the motion relates to a state HIPAA analogue, a statute without obvious bearing on whether MHPAEA creates rights enforceable by beneficiaries of ERISA group-insurance plans. (Mot. 12.) BCBSM's argument that Perrone lacks a remedial right to invoke MHPAEA's parity requirement fails.

**B.    The Breach-of-Contract Claim Is Preempted**

On the other hand, BCBSM is right that Perrone's breach-of-contract claim is barred by ERISA. Preemption of contract-law claims that lie "at the very heart of issues within the scope of ERISA's exclusive regulation," *Smith v. Commonwealth Gen. Corp.*, 589 F. App'x 738, 744 (6th Cir. 2014) (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)), is essential to the uniformity that ERISA was enacted to accomplish. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990); *Hutchison v. Fifth Third Bancorp.*, 469 F.3d 583, 589 (6th Cir. 2006). The key consideration determining whether ERISA preempts a state-law claim is whether the remedy sought is related to a benefit plan regulated by the statute. *Aldridge v. Regions Bank*, No. 24-5603, 2025 WL 1983483, at *6 (6th Cir. July 17, 2025); *Johnson v. Decor Fabrics, Inc.*, 250 F.R.D. 323, 329 (M.D. Tenn. 2008).

A claim that a health insurer breached its contract with the policyholder by refusing to cover a hospital stay for reasons that ERISA prohibits is self-evidently a claim that relates to the benefit plan through which the insurance policy was made available. *Caffey v. Unum Life Ins. Co.*,

4

302 F.3d 576, 582 (6th Cir. 2002); *Walsen v. Alcoa*, Inc., No. 1:13-cv-243, 2013 WL 1891361, at *3 (N.D. Ohio May 6, 2013) (collecting cases). In consequence, Plaintiff's state-law claim is preempted by ERISA, and because the claim is merely duplicative of, or "would create an alternative enforcement mechanism for," Perrone's claim for recovery of benefits under ERISA itself, *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 700 (6th Cir. 2005), that claim will be dismissed outright.[1] *Patterson v. UnitedHealthcare Ins. Co.*, 762 F. Supp. 3d 643, 666 (N.D. Ohio 2025); *Rogers v. Unitedhealth Grp.*, 144 F. Supp. 3d 792, 798 (D.S.C. 2015); *Ctr. for Restorative Breast Surgery v. Humana Health Ben. Plan of La.*, No. Civ. A. 10-4346, 2014 WL 1276503, at *7 (E.D. La. Mar. 27, 2014); *cf. Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016) (approving of "district court['s] appropriately recast[ing]" a state-law claim found to be completely preempted).

## IV.     CONCLUSION

BCBSM is correct that Perrone's contract-law claim is preempted by ERISA, but its argument that Perrone lacks remedial rights under MHPAEA fails by virtue of ERISA's private right of action. The Court therefore grants BCBSM's motion to dismiss only in part. The Court will issue an order consistent with this Opinion.

Dated: July 21, 2025                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Whether that preemption is best understood as "complete" or "express" poses a nuanced question. *See Lowe v. Lincoln Nat'l Life Ins. Co.*, 821 F. App'x 489, 491 (6th Cir. 2020). Because the Court concludes that Perrone's breach-of-contract claim is merely a relabeled claim for recovery of benefits under ERISA proper, however, there is no practical difference between treating the claim as completely preempted—which entails regarding it as if it *was* labeled an ERISA claim—or as expressly preempted, which necessitates the claim's dismissal. *See id.* at 492 (avoiding complete-preemption analysis by addressing express preemption first). Either way, Perrone's challenge to BCBSM's denial of coverage remains live.